BEN AU (SBN 237854)
ben.au@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071-1560
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Attorneys for Defendant
COMPOUND LABS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF AKHTAR,<br><br>        Plaintiff,<br><br>  v.<br><br>COMPOUND LABS, INC., COMPOUNDDEFI, INC., AND DOES 1-9.<br><br>        Defendants. | Case No. 2:23-CV-07440<br><br>**DEFENDANT COMPOUND LABS, INC.'S OPPOSITION TO PLAINTIFF'S REQUEST TO REMAND** |

## I. INTRODUCTION

Plaintiff Arif Akhtar's "Response and Opposition Against Removal of Case to Federal Court" ("Removal Opposition" or "Removal Opp."), ECF No. 14, appears intended to serve as a motion to remand, so Defendant Compound Labs, Inc. ("Compound Labs") hereby responds accordingly.[1] Plaintiff has not established a basis to remand this action to state court. As detailed herein, the Court can and should exercise supplemental jurisdiction over Plaintiff's state-law claims as those claims and the securities fraud claim derive from a common nucleus of operative fact and thus should be heard together in federal court. Moreover, there is no exceptional circumstance that would warrant declining to exercise supplemental jurisdiction here. Accordingly, Plaintiff's request for remand should be denied.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2022, Plaintiff commenced this action in Ventura County Superior Court by filing a complaint entitled Arif Akhtar v. Compound Labs, Inc., CompoundDefi, Inc., and Does 1-9. The complaint was served on Compound Labs on August 10, 2023.

Plaintiff seeks $5 million in damages from Compound Labs for an alleged theft of a nearly $8,000 investment he claims to have made—a purchase of cryptocurrency that Compound Labs has no record of. Plaintiff alleges that someone purporting to represent Compound Labs assured him that his investment was "risk-free" but instead stole his funds from him. Based on the evidence Plaintiff attached to his Complaint, Plaintiff appears to the be the victim of a scheme by third parties who impersonated Compound Labs to defraud Plaintiff, as the screenshots submitted as exhibits to the Complaint are not from websites or persons affiliated in any way with Compound Labs.

---

[1] Compound Labs notes that Plaintiff has not set a hearing in connection with his filing, and Compound Labs does not believe that one is necessary.

The causes of action in the complaint include a claim for fraud premised on alleged violations of the Securities Act of 1933 and the Securities Exchange Act of 1934 (collectively, the "Securities Acts"). ECF No. 1 (Notice of Removal, Ex. A ("Compl.")). Plaintiff seeks, among other things, declaratory relief that Compound Labs violated the Securities Acts.

On September 8, 2023, Compound Labs filed a Notice of Removal in this Court. ECF No. 1 Compound Labs subsequently moved to dismiss Plaintiff's complaint on September 14, 2023. ECF No. 11. Plaintiff did not file an opposition to the motion to dismiss. Instead, Plaintiff filed the instant Removal Opposition first in state court on September 27, 2023 and then in this Court on October 3, 2023. ECF No. 14.

## III. LEGAL STANDARD

A state-court defendant may remove an action to federal court if the action originally could have been brought there. 28 U.S.C. § 1441(b). A plaintiff may move to remand the matter to state court if the federal court lacks jurisdiction. *Id.* § 1447(c). If jurisdiction exists and has been properly invoked, however, the court has no discretion to remand. *See Grote v. Trans World Airlines, Inc.*, 905 F.2d 1307, 1310 (9th Cir. 1990) (implicitly overruled on other grounds, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009)). "[W]henever the subject matter of an action qualifies it for removal the burden is on a [party seeking remand] to find an express exception." *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003). Accordingly, "[t]here is no presumption against federal jurisdiction in general, or removal in particular." *Back Doctors, Ltd. v. Metro. Prop.*, 637 F.3d 827, 830 (7th Cir. 2011).

## IV. ARGUMENT

### A. Removal Was Timely.

Compound Labs timely filed for removal. Under 28 U.S.C. § 1446(b), "[e]ach defendant shall have 30 days after . . . service on that defendant of the

initial pleading or summons . . . to file the notice of removal." Here, Compound Labs was served on August 10, 2023,[2] and filed its Notice of Removal on September 8, 2023, twenty-eight days after service.

### B. This Court Has Jurisdiction Over The Subject Matter Of All Claims Involved In This Litigation.

Contrary to Plaintiff's assertion, this Court has jurisdiction over his securities fraud claim *as well as* his related state law claims pursuant to Sections 1331 and 1367 such that all claims can be adjudicated in federal court together. Plaintiff concedes that the Court has subject matter jurisdiction over his securities fraud claim (Removal Opp. 2), so there is no real dispute over whether that claim was properly removed. Nor could there be. Plaintiff's cause of action for fraud arises under the Securities Exchange Act of 1934 as Plaintiff alleges "[t]he Defendants violated the Securities Act(s) which grants Plaintiff a right of action for damages against them and the Defendants for their violations of this provision." Compl. Fourth Cause of Action ¶ 6. Plaintiff further seeks a declaration "that Defendants are liable to Plaintiffs [sic] under the Securities Act of 1933, the Exchange Act of 1934." Compl. Prayer for Relief. Thus, as pled, a "substantial, disputed question of federal law is a necessary element" of the fraud claim. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 345 (9th Cir.1996). Accordingly, the fraud claim gives rise to federal jurisdiction under 28 U.S.C. § 1331. In other words, the fraud claim "necessarily" raises federal questions because it is affirmatively "premised" on a violation of federal law. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Moreover, Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa(a), also confers federal jurisdiction. *See Merrill Lynch, Pierce, Fenner &*

---

[2] Plaintiff incorrectly states that Compound Labs was "served four times." Removal Opp 1. In fact, the docket for the state court action reflects that Plaintiff filed only one valid proof of service for the Complaint dated August 10, 2023. *Akhtar v. Compound Labs, Inc., et al.*, Case No. 62-2022-00570529-CUBCVTA (Ventura Cnty. Sep. 28, 2022).

*Smith Inc. v. Manning*, 578 U.S. 374, 393 (2016) (holding that 15 U.S.C. § 78aa(a) confers exclusive federal jurisdiction of the same suits that "arise under" the Securities Exchange Act of 1934 pursuant to 28 U.S.C. § 1331). Following *Merrill Lynch*, while removal to federal court is not automatic under Section 27, state law claims should be removed to federal court if they "arise under" federal law such as the Securities Act of 1934. *Id.*

Indeed, Plaintiff specifically alleges that there is "subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367, 15 U.S.C. 77v, and 15 U.S.C. § 78 because Plaintiff allege [sic] violations of the Securities Act of 1933 and Securities Exchange Act of 1934." Compl. 3. However, Plaintiff incorrectly asserts that California state court has such subject matter jurisdiction, which it does not given federal courts have exclusive jurisdiction over claims for violations of the Securities Exchange Act of 1934. *See* 15 U.S.C. § 78aa(a).

Given the Court has jurisdiction over Plaintiff's securities fraud claim, the Court has supplemental jurisdiction over the related state-law claims pursuant to Section 1367. 18 U.S.C. § 1367. Plaintiff does not appear to dispute the existence of supplemental jurisdiction over the state-law claims. Rather, he requests the Court decline to exercise such jurisdiction in its discretion. But, as explained below, there is no basis to do so.

### C. The Court Should Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.

The only dispute raised by Plaintiff is whether the Court should exercise supplemental jurisdiction over Plaintiff's state law claims. Section 1367 grants the Court discretion to remand the state law claims in four specific statutorily delineated circumstances, only three of which are relevant here. Namely, the Court "may" remand Plaintiff's state law claims that (1) "raise[] a novel or complex issue of State law," (2) "substantially predominate[] over the [securities fraud claim]," or

(3) present "exceptional circumstances" where "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

*First,* Plaintiff does not suggest that the state law claims are novel or complex, nor could he, as the complexity of the alleged fraudulent scheme is typical of those raised in other cases before this Court, and this Court is well-equipped to apply relevant precedent in arriving at its decisions.

*Second,* Plaintiff posits, with no analysis, that the state-law claims predominate, but that is not the case. A mere numerical count of the state and federal claims has no place in this inquiry. *Hendon v. California State Senate*, No. 21-CV-00505-BAS-MDD, 2022 WL 345641, at *4 (S.D. Cal. Feb. 4, 2022) ("[W]hether state law claims substantially predominate over federal claims is a qualitative—not quantitative—inquiry ... and the mere fact that a plaintiff's state claims outnumber [his] federal claims, without more, is insufficient to satisfy the 'substantially predominate' standard."). Here, the proof and issues underpinning Plaintiff's state-law claims bear heavily on his securities fraud claim. The same alleged representations, investment, and loss of assets are at issue with all claims.

*Third,* Plaintiff asserts that the Court should decline to exercise supplemental jurisdiction in "[t]he interests of judicial economy, fairness, and comity" and because removal is "inconvenient under the Doctrine of Flexibility." Removal Opp. 3. However, the doctrine of pendent jurisdiction (which Plaintiff refers to as "the "Doctrine of Flexibility") supports exercising supplemental jurisdiction here. The doctrine of pendent jurisdiction dictates that "a federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 389 (1988) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). That is precisely the case here – all claims arise from an alleged scheme to defraud the

Plaintiff of his crypto assets, which resulted in the loss of Plaintiff's $12,083.28 investment. It is therefore appropriate for the Court to exercise pendent jurisdiction over Plaintiff's state law claims.

While Plaintiff relies on *Cohill* to support his position, that case is factually inapposite as it considered whether a federal court has discretion to remand a properly removed case to state court after all federal-law claims have been eliminated such that only pendent state-law claims remain. 484 U.S. at 345. But here, the federal-law claim remains pending, so the "interests of judicial economy, fairness, and comity," *id.* at 351, do not weigh in favor of remand as they did in *Cohill*. Likewise, Plaintiff's reliance on *Eastman v. Marine Mech. Corp.* is equally unavailing as it reiterates that the court retains discretion to remand "if an amendment eliminates all the federal claims," 438 F.3d 544, 551 (6th Cir. 2006), which again is not the disposition of this case. To the extent that the securities fraud claim is ultimately dismissed, these cases make clear that the Court will nonetheless be able to retain jurisdiction over the pendent state-law claims in its discretion.

## V. CONCLUSION

Compound Labs respectfully requests that Plaintiff's request for remand be denied.

Dated: October 13, 2023

BENJAMIN AU
LAUREN M. KESSLER
Orrick, Herrington & Sutcliffe LLP


By: */s/ Benjamin Au*
BENJAMIN AU
Attorneys for Defendant
COMPOUND LABS, INC.