BEN AU (STATE BAR NO. 237854)
ben.au@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd.
Suite 2C
Santa Monica, California 90401
Telephone: +1 310 633 2800
Facsimile: +1 310 633 3849

LAUREN M. KESSLER (SBN 317834)
lkessler@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant
COMPOUND LABS, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF AKHTAR,<br><br>    Plaintiff,<br><br>v.<br><br>COMPOUND LABS, INC., COMPOUNDDEFI, INC., and DOES 1-9,<br><br>    Defendant. | Case No. 2:23-cv-07440<br><br>**DEFENDANT COMPOUND LABS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**Demand for Jury Trial** |

Defendant Compound Labs, Inc. ("Compound Labs") hereby answers the allegations of Arif Akhtar ("Plaintiff"), as follows:

1. As to Paragraph 1, Defendant lacks knowledge on which to confirm or deny assertions regarding Plaintiff's residency, and on this basis denies them. The remaining allegations in Paragraph 1 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

## FACTS AND PROCEDURAL HISTORY[1]

2. As to Paragraph 2, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

3. As to Paragraph 3, these statements are legal conclusions to which no response is required. Defendant denies remaining allegations in Paragraph 3.

4. As to Paragraph 4, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

5. Defendant lacks knowledge on which to confirm or deny assertions regarding Plaintiff's monetary losses, and on that basis denies them. As to the remainder of Paragraph 5, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

6. As to Paragraph 6, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

---

[1] The headings in this Answer are Plaintiff's. Defendant repeats Plaintiff's headings for convenience only. References in this Answer to "Paragraphs" are to paragraphs in Plaintiff's Complaint. In Plaintiff's First Amended Complaint ("FAC"), paragraphs beyond Paragraph 33 are not numbered consecutively. For ease of reference, Defendant has continued consecutive numbering throughout the remainder of Plaintiff's FAC.

7. As to Paragraph 7, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

8. As to Paragraph 8, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

9. As to Paragraph 9, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

10. As to Paragraph 10, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

11. As to Paragraph 11, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

12. Defendant lacks knowledge on which to confirm or deny assertions that Plaintiff had his currency taken, and on that basis denies them. As to the remainder of Paragraph 12, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

13. Defendant denies that Plaintiff has electronic records of Plaintiff's assets where Defendant had control. The remaining allegations in Paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

14. As to Paragraph 14, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

15. As to Paragraph 15, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

16. As to Paragraph 16, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

17. As to Paragraph 17, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## **INTRODUCTION**

18. As to Paragraph 18, Defendant denies all allegations. Defendant denies any interaction or association with Plaintiff.

19. As to Paragraph 19, Defendant denies all allegations.

20. As to Paragraph 20, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

21. As to Paragraph 21, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

22. As to Paragraph 22, the document referenced and excerpted in this paragraph speaks for itself. To the extent a response is required, Defendant denies the allegations.

23. As to Paragraph 23, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

24. Defendant denies the allegation that it made any promises to Plaintiff. As to the executive order referenced in this paragraph, the document speaks for

itself. To the extent a response is required, Defendant denies the remaining allegations.

25. As to Paragraph 25, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

26. Defendant lacks knowledge on which to confirm or deny Plaintiff's statements about the loss of his investment, and on this basis denies them. As to the remaining allegations in Paragraph 26, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

27. As to Paragraph 27, Defendant denies all allegations. The website referenced by Plaintiff is not and has never been associated with Defendant.

28. As to Paragraph 28, Defendant denies all allegations.

29. As to Paragraph 29, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## JURISDICTION AND VENUE

30. As to Paragraph 30, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

31. As to Paragraph 31, these statements are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

32. Defendant admits that it maintains physical corporate headquarters in San Francisco, California. As to the remainder of Paragraph 32, these statements

are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## FACTUAL ALLEGATIONS

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. As to Paragraph 35, Defendant denies that it authored, published, or has any affiliation with the website found at the URL https://compounddefi.vip. As to the contents of the website, the website speaks for itself. Defendant lacks knowledge on which to confirm or deny whether the website is still operational, and on that basis, denies the statement regarding the website not being operational since the end of 2022.

36. As to Paragraph 36, Defendant denies the allegation.

37. As to Paragraph 37, Defendant denies the allegations.

38. As to Paragraph 38, Defendant denies the allegations.

39. Defendant lacks knowledge on which to confirm or deny Plaintiff's assertions about his losses, and on this basis denies them. As to the remainder of Paragraph 39, Defendant denies the allegations.

40. As to Paragraph 40, this statement is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

Because this claim has been dismissed, Defendant need not answer Paragraphs 41 through 48.

## SECOND CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING

Because this claim has been dismissed, Defendant need not answer Paragraphs 49 through 51.

## THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT

52. As to Paragraph 52, this statement is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.

53. As to Paragraph 53, this statement is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.

54. As to Paragraph 54, this statement is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.

55. As to Paragraph 55, this statement is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.

## FOURTH CAUSE OF ACTION

## FRAUD

Because this claim has been dismissed, Defendant need not answer Paragraphs 56 through 62.

## FIFTH CAUSE OF ACTION
## CONVERSION

63. As to Paragraph 63, this statement is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.

64. As to Paragraph 64, this statement is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.

65. As to Paragraph 65, this statement is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.

66. As to Paragraph 66, this statement is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation.

## SIXTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL

Because this claim has been dismissed, Defendant need not answer Paragraphs 67 through 72.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant, without waiver, limitation, or prejudice, and without conceding that it bears the burden of proof or production, hereby asserts the following defenses. In doing so, Defendant states that it presently has insufficient knowledge or information to determine whether it may have additional, as yet unstated defenses. Defendant reserves the right to add, delete or modify its defenses as appropriate. Defendant has not knowingly and intentionally waived any applicable defenses.

### First Defense

Plaintiff's claims are barred in whole or in part because the First Amended Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

### Second Defense

Plaintiff's claims are barred in whole or in part because any alleged damages that Plaintiff suffered, were caused by independent, intervening, and/or superseding events that were beyond Defendant's conduct, control, or policies.

### Third Defense

Defendant disclaims any duplicative damages that could result in double recovery for Plaintiff.

### Fourth Defense

Plaintiff has suffered no recoverable damages.

Dated: January 24, 2024

BEN AU
Orrick, Herrington & Sutcliffe LLP

By: /s/ Ben Au
BEN AU
Attorneys for Defendant