UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF AKHTAR,<br><br>　　　　Plaintiff,<br>v.<br><br>COMPOUND LABS, INC., COMPOUNDDEFI, INC., AND DOES 1-9,<br><br>　　　　Defendants. | Case No.:  CV 23-7440-CBM-ASx<br><br>**ORDER RE: DEFENDANT COMPOUND LABS, INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM  [26]   [JS-6]** |

The matter before the Court is Defendant Compound Labs, Inc.'s ("Defendant's") Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim.  (Dkt. No. 26 (the "Motion").)  The matter is fully briefed.  (Dkt. Nos. 29, 48.)

## I.　BACKGROUND

On September 28, 2022, pro se Plaintiff Arif Akhtar filed a complaint in Ventura Superior Court against Defendants Compound Labs, Inc. and Compounddefi, Inc. asserting six causes of action:  (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) unjust enrichment; (4) fraud; (5) conversion; and (6) promissory estoppel.  (Dkt. No. 1.)  Plaintiff's claims arise from his alleged investment in cryptocurrency.  On September 8,

2023, Defendant Compound Labs, Inc. removed the action to this district court.[1]

On November 6, 2023, the Court granted Defendant's Motion to Dismiss the Complaint for failure to state a claim with leave to amend as to Plaintiff's first cause of action for breach of contract, second cause of action for breach of the implied covenant of good faith and fair dealing, third cause of action for fraud, and sixth cause of action for promissory estoppel, and denied the Motion to Dismiss as to Plaintiff's third cause of action for unjust enrichment and fifth cause of action for conversion. (Dkt. No. 23.)

On November 25, 2023, Plaintiff filed the First Amended Complaint ("FAC") asserting the following causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) unjust enrichment; (4) fraud; (5) conversion; and (6) promissory estoppel. (Dkt. No. 24.) Defendant now moves to dismiss the first, second, fourth and sixth causes of action asserted in the FAC. (Dkt. No. 26.)

## II. STATEMENT OF THE LAW

The court may dismiss a complaint for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,

---

[1] The basis for removal of this action was federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint alleged in support of Plaintiff's fourth cause of action for fraud that "Defendants violated the Securities Act(s) which grants Plaintiff a right of action for damages against them and the Defendants for their violations of this provision," and "*Sec. 15* of the *Securities Act of 1933* provides for joint and several liability for 'controlling persons' who had sufficient power or influence over a person or entity that violated federal securities laws." (Compl. at 7-8.)

1031-32 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. Labels and conclusions are insufficient to meet the Plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* If a complaint cannot be cured by additional factual allegations, dismissal without leave to amend is proper. *Id.* A court may consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Materials whose contents are alleged in the complaint may also be considered by the Court for purposes of a motion to dismiss. *See Thomas v. Walt Disney Co.*, 337 Fed. App'x. 694, 694-95 (9th Cir. 2009); *see also In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III.   DISCUSSION

**A.   Fraud**

Plaintiff's fourth cause of action for fraud asserts Defendant violated federal securities laws. (FAC at 13-14.)

Federal Rule of Civil Procedure 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation omitted).

Allegations sounding in fraud must include the "who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997). Federal Rule of Civil Procedure 9(b)'s pleading requirements apply to securities fraud claims. *See Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014).

The Court previously dismissed Plaintiff's fraud claim asserted in the Complaint with leave to amend for failure to plead fraud with sufficient particularity as required under Federal Rule of Civil Procedure 9(b). (Dkt. No. 23.) The FAC does not allege new facts regarding the who, what, where, when, and how of any alleged fraud by Defendant. Therefore, the FAC fails to plead fraud with sufficient particularity as required under Federal Rule of Civil Procedure 9(b). Because the Court gave Plaintiff leave to amend his fraud claim with sufficient particularity but the FAC fails to plead additional facts to satisfy the requirements of Federal Rule of Civil Procedure 9(b), the Court finds further leave to amend the fraud claim would be futile. Accordingly, the Court dismisses Plaintiff's fraud claim without further leave to amend. *See Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("Futility alone can justify a court's refusal to grant leave to amend.") (citation omitted).

**B.     Supplemental Jurisdiction over State Law Claims**

The basis for removal of this action was federal question jurisdiction based on Plaintiff's fraud claim which asserted violation of federal securities laws. (*See* Dkt. No. 1.) The FAC asserts a single federal claim for fraud based on violation of the Securities Act of 1933 and Securities Exchange Act of 1934. (Dkt. No. 26.) The remaining causes of action asserted in the FAC are state law claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, conversion, and promissory estoppel.

Having dismissed the fraud claim without further leave to amend, the Court has dismissed all claims over which it has original jurisdiction in this matter.

Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

## IV.  CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's fraud claim **without further leave to amend**. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and remands the state claims to state court. *See* 28 U.S.C. § 1367.

**IT IS SO ORDERED.**

DATED: April 13, 2024.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE